IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARONARDA FERNANDA BENBOW, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | A-12-CV-1164-LY |
| | § | |
| LIBERTY MUTUAL FIRE INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Caronarda Fernanda Benbow's ("Benbow") Motion to Allow Discovery and For Extension of Time to Respond to Defendant's Motion for Summary Judgment (Dkt. No. 29) and Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") Response (Dkt. No. 31). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL AND PROCEDURAL BACKGROUND

This case arises out of an insurance benefits dispute between Benbow and Liberty Mutual. Liberty Mutual had issued to Benbow a homeowner's insurance policy in 2009. Dkt. No. 25, Exh. A at 1–2. Benbow initially filed this cause of action in Travis County District Court on November 19, 2012, asserting a breach of contract claim against Liberty Mutual for failing to pay insurance benefits on fire and water damage claims asserted by Benbow in April and May of 2010. Dkt. No. 1, Exh. A at 2–3. Generally, Benbow complains that Liberty Mutual failed to adhere to multiple aspects of the homeowner's insurance policy that Liberty Mutual issued to Benbow for the property

located at 2513 Andrea Woods Cove, Austin, Texas 78744 ("Property"). *Id.* at 2–4; *see also* Dkt. No. 23 at 1 [hereinafter First Amended Answer].

On December 20, 2012, Liberty Mutual removed this case to federal court based on diversity of citizenship. Liberty Mutual filed its First Amended Answer on September 12, 2013, denying any liability to Benbow for his claimed insurance benefits. First Amended Answer at 3. Liberty Mutual then filed a Motion for Summary Judgment on September 18, 2013, contending that it is entitled to summary judgment because Benbow has no insurable interest in the Property because he acquired the Property through identity theft—a crime for which he is currently serving a prison sentence. *See* Dkt. No. 25 at 1; *see also* First Amended Answer at 4. Benbow filed his instant Motion to Allow Discovery and for Extension on October 2, 2013. Dkt. No. 29.

In his motion, Benbow argues that he is entitled to further discovery on several issues before he responds to Liberty Mutual's Motion for Summary Judgment. More specifically, Benbow contends that he should be permitted to submit interrogatories, requests for production, requests for admissions, and conduct depositions on the question of what Liberty Mutual or its employees actually knew about the misrepresentations made by Benbow. *Id.* at 1–2. Benbow claims that discovery is needed to determine whether Liberty Mutual relied solely on Benbow's misrepresentations in issuing the policy, when Liberty Mutual found out that Benbow was not the owner of the Property, and the extent to which Liberty Mutual knew that there was a risk in paying benefits under the policy. *Id.* at 2. In response, Liberty Mutual submits that Benbow is not entitled to additional discovery because (1) he has failed to state with specificity the discovery he seeks and (2) the topics Benbow identifies for discovery are immaterial and would not create a genuine issue of material fact. Dkt. No. 31 at 3. Additionally, Liberty Mutual argues that Benbow has not provided any reason why he has been unable

to obtain the discovery he is requesting now, noting that the case has been pending for eleven months and that it has already produced over 700 pages of documents in response to Benbow's previous requests for production in this case.  *Id.* at 6.  Liberty Mutual charges Benbow with delaying a decision on the merits of this case.  *Id.* at 7.

## II.  ANALYSIS

Because Benbow is requesting additional discovery to respond to Liberty Mutual's Motion for Summary Judgment, it is appropriate to consider Benbow's Motion to Allow Discovery and for Extension under Federal Rule of Civil Procedure 56(d).  Rule 56(d) provides that

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

FED. R. CIV. P. 56(d).  In general, "Rule 56(d) motions for additional discovery are 'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'"  *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)).  However,

> non-moving parties requesting Rule 56(d) relief may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts. Instead, the non-moving party must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.

*Biles*, 714 F.3d at 894 (internal quotations and citations omitted).  "A party opposing summary judgment under [Rule 56(d)] must demonstrate (1) why additional discovery is needed and (2) how

the additional discovery will likely create a genuine issue of material fact."[1] *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 n.5 (5th Cir. 2002) (citing *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 534–35 (5th Cir. 1999)).  Indeed, the Fifth Circuit has "long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

In this case, Liberty Mutual has moved for summary judgment based on evidence that Benbow fraudulently represented himself to be the owner of the Property in order to obtain homeowner's insurance with Liberty Mutual.  Dkt. No. 25 at 1.  Liberty Mutual contends that Benbow's fraudulent misrepresentations in buying the homeowner's insurance policy and in submitting claims on the policy voided the insurance policy as a matter of law.  *Id.*  Additionally, Liberty Mutual submits that it is entitled to summary judgment because Benbow has no insurable interest in the Property because he acquired the Property through identity theft.  *Id.*

After reviewing the parties' arguments, the Court concludes that Benbow has not sufficiently shown that he is entitled to additional discovery on the issues he identifies.  As an initial matter, the Court notes that Benbow only asserts that he should be permitted to conduct discovery on what Liberty Mutual actually knew or should have suspected regarding his misrepresentations when they decided to issue the policy.  Dkt. No. 29 at 2.  However, to the extent Benbow is attempting to demonstrate that Liberty Mutual should have known about or suspected the misrepresentations,

---

[1]The current Rule 56(d) was recodified "without substantial change" from the former Rule 56(f).  *See Sapp v. Memorial Hermann Healthcare Sys.*, 406 Fed.Appx. 866, 869 (5th Cir. 2010).

Benbow's contention fails as a matter of law.  Under Texas law, "[f]ailure to use due diligence to suspect or discover someone's fraud will not act to bar the defense of fraud to the contract."[2]  *Koral Indus. v. Security-Conn. Life Ins. Co.*, 802 S.W.2d 650, 651 (Tex. 1990).  Therefore, Benbow must show that the discovery he seeks would create a genuine issue of material fact regarding whether Liberty Mutual *actually knew* about his misrepresentations.[3]

On this latter question, Benbow does not state with sufficient specificity what information will be obtained as a result of additional discovery nor does he allege that the information he seeks probably exists.  Instead, Benbow makes the general argument that he needs to conduct discovery on what Liberty Mutual actually knew about his misrepresentations.  The issue presented here is similar to that considered by the Fifth Circuit in *Biles*, where the dispute involved an insurance company's obligation to pay benefits pursuant to a life insurance policy.  The parties disagreed on whether the decedent had actually signed the insurance policy or whether the signature was a forgery.  *Biles*, 714 F.3d at 894.  In that case, the Fifth Circuit evaluated whether it was likely that defendants' requested additional discovery would produce facts necessary to oppose plaintiff's summary judgment motion.  *Id.*  At the time the discovery was requested, plaintiff had already submitted the affidavit of its sales associate who had sold the life insurance policy, attesting that he had witnessed the decedent sign the life insurance policy.  *Id.*  In affirming the district court's denial of defendants' motion for additional

---

[2] Pursuant to the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law.  *Foradori v. Harris*, 523 F.3d 477, 486 (5th Cir. 2008).  Thus, the Court applies Texas substantive law to this case.

[3] There does not appear to be any dispute as to whether Benbow actually committed fraud in acquiring the Property.  Benbow does not seek additional discovery on this point and his guilty plea in state court is conclusive on this point.  Dkt. No. 25, Exh. B.  Rather, the only question remaining is whether Liberty Mutual knew about Benbow's misrepresentations.

discovery under Rule 56(d), the *Biles* panel concluded that although defendants' might hope that the sales associate would admit that the signature was a forgery in a deposition, "the district court reasonably could have concluded that it was not likely that [the sales associate] would admit to perjury and fraud in a deposition." *Id.* at 894–95.

Similarly, in this case, Liberty Mutual has already submitted the affidavit of Thomas Habben, the adjuster assigned to Benbow's claims on his homeowner's insurance policy, who testified that he first learned about a potential problem regarding Benbow's ownership of the Property on May 10, 2010. Dkt. No. 25, Exh. A. Habben also stated that Liberty began its investigations on or about May 16 and 17, 2010. *Id.* Benbow has presented no arguments to suggest that Habben has perjured himself nor has Benbow alleged that it is likely that Liberty Mutual knew about his misrepresentations when it issued him the homeowner's insurance policy. Although Benbow need not state the precise content of the requested discovery, he does need to provide this Court with an idea of how "the sought-after discovery might reasonably be supposed to create a factual dispute." *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1292 (5th Cir. 1994). Benbow has not done so here; instead, he states that this discovery would include interrogatories, requests for production, requests for admissions, and depositions. Dkt. No. 29 at 3. Benbow's request is simply too broad for him to meet his burden as the party seeking additional discovery. *Biles*, 714 F.3d at 895. Consequently, Benbow has not demonstrated that the additional evidence he seeks would create a genuine issue of material fact to be entitled to relief under Rule 56(d).

Furthermore, "another criteria for relief under [Rule 56(d)] is that the movant must have exercised due diligence in discovery." *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005). This factor also does not weigh in favor of granting Benbow relief under Rule 56(d). On this point,

Benbow has failed to show why he has been unable to obtain the necessary discovery on what Liberty Mutual actually knew regarding Benbow's misrepresentations. From the record, it is clear that this cause of action has been pending since at least November 19, 2012, when Benbow filed his original petition in Travis County District Court. Dkt. No. 1, Exh. A. In the approximately eleven months that this case has been pending, Benbow has submitted just two requests for production to Liberty Mutual in June and July of 2013. Dkt. No. 31 at 6. In response to these requests, Liberty Mutual asserts that it has produced over 700 pages of documents to Benbow. *Id.* Additionally, according to Liberty Mutual, it has not received any interrogatories or requests for admission since the inception of this case. *Id.* From the discovery already conducted, it is clear that Benbow successfully obtained discovery of a significant number of documents related to his insurance claim. However, it is only in response to Liberty Mutual's summary judgment motion that Benbow now seeks this additional discovery. Based on this history of the case, the Court concludes that the factor regarding whether Benbow has exercised due diligence in discovery should weigh against his current request for additional discovery.

Finally, to the extent Benbow argues that his motion should be granted because the parties' Scheduling Order permits discovery to continue until November 15, 2013, his contention is without merit. "Rule 56 does not require that *any* discovery take place before summary judgment can be granted." *Washington*, 901 F.2d at 1285 (emphasis added). Thus, "in a motion to extend the time to respond to a motion for summary judgment, the simple claim that discovery has not closed is insufficient." *Baker*, 430 F.3d at 756. Regardless, "any party claiming the need for additional discovery to defend against a motion for summary judgment must make a sufficient showing under

[Rule 56(d)]." *Id.* As noted previously, the Court has already concluded previously that he has failed to meet his burden and is not entitled to additional discovery under Rule 56(d).

## III.  CONCLUSION

In accordance with the discussion above, the Court **HEREBY GRANTS IN PART** and **DENIES IN PART** Plaintiff Caronarda Fernanda Benbow's Motion to Allow Discovery and for Extension to Respond (Dkt. No. 29).  The Court **DENIES** Benbow's Motion to the extent it seeks additional discovery.  The Court **GRANTS** Benbow's Motion to the extent it seeks an extension of time to respond to Defendant Liberty Mutual's Motion for Summary Judgment.  Benbow shall submit his response to Defendant Liberty Mutual's Motion for Summary Judgment (Dkt. No. 25) on or before **Friday Wednesday, November 15, 2013**.

SIGNED this 24th day of October, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

8