IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CARONARDA FERNANDA BENBOW | § | |
| | § | |
| V. | § | A-12-CV-1164 LY |
| | § | |
| LIBERTY MUTUAL FIRE INSURANCE | § | |
| COMPANY | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion for Summary Judgment, (Dkt. # 25); Plaintiff's Response (Dkt. # 34); Defendant's Reply (Dkt. # 35); and Plaintiff's Sur-Reply (Dkt. # 36). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

On June 10, 2011, Plaintiff Caronarda Fernanda Benbow ("Benbow") pled guilty in the 147th District Court, Travis County, Texas, to using a false statement to obtain credit, in violation of 32.32 of the Texas Penal Code. *See* Exh. B to Defendant's MSJ. The state district court sentenced Plaintiff to six years in the Texas Department of Criminal Justice. *See Id.* Benbow is currently incarcerated at the OL Luther Unit in Navasota, Texas, with a projected release date of April 14, 2014.

Pursuant to his guilty plea, Benbow admitted to fraudulently using the identifying information and credit history of James Robert Maris to acquire and obtain a mortgage on a house, located at 2513 Andrea Woods Cove, Austin, Texas, in Maris' name. *See Id.* After illegally obtaining the property

in Maris' name, Benbow submitted an application (using his own name) for homeowner's insurance with Defendant Liberty Mutual Fire Insurance Company ("Liberty"). Benbow represented to Liberty that he was the owner of the Andrea Woods Cove property and that he had purchased the home in 2009 at a cost of $162,000. Based upon his false representations in his application for homeowner's insurance, Liberty issued Policy No. H32-291-305204-759 3 ("Policy") to Benbow for the period of May 6, 2009, to May 6, 2010. See Exh. A-2 to Defendant's MSJ.

In April 2010, Benbow submitted a claim for fire damage to the property. On May 4, 2010, he filed another claim, this time for water damage to the property. On May 10, 2010, Liberty became aware that the property had been foreclosed and sold on May 4, 2010, the same day Benbow filed his second insurance claim. After Liberty paid Benbow almost $70,000.00 on these claims, it discovered Benbow's criminal and fraudulent activity, and that he was not the real owner of the property. Liberty contends that it would not have issued the Policy to Benbow if it had known that Benbow did not actually own the property and had committed identity theft to obtain possession of it.

While incarcerated, Benbow filed the instant breach of contract lawsuit in Travis County District Court on November 19, 2012, alleging that Liberty breached the Policy by failing to fully pay him benefits on the fire and water claims. On December 20, 2012, Liberty removed this case to Federal Court on the basis of diversity jurisdiction. On September 18, 2013, Liberty filed the instant Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c), arguing that it is entitled to judgment on this lawsuit because Benbow's Policy is void due to his fraudulent activity, and that he does not have an insurable interest in the property. Thus, Liberty argues that Benbow has no valid breach of contract claim under the Policy.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the moving party can show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a).  "A factual dispute is 'genuine' where a reasonable party would return a verdict for the non-moving party." *Chiu v. Plano Indep. Sch. Dist.*, 339 F.3d 273, 282 (5th Cir. 2003) (citation omitted).  In considering a summary judgment motion, courts view the evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006).  However, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

### III.  ANALYSIS

As noted, Liberty argues that it is entitled to summary judgment in this case because Benbow has no valid breach of contract claim since (1) the insurance Policy is void due to Benbow's fraudulent activity, and (2) Benbow never had an insurable interest in the property since the property was acquired through fraud and identity theft.

The Policy at issue contains the following exclusion for concealment or fraud:

> **Concealment or Fraud**: This policy is void as to you or any other **insured** if you or any other **insured** under this policy has intentionally concealed or misrepresented any material fact or circumstance, made false statements or committed fraud relating to this insurance, whether before or after a loss.

See Exh. A-2, Amendatory Endorsement to Policy, FMHO 3149 10 08 at p. 11.  To void an insurance policy based on the insured's misrepresentations in the policy application, the insurer has the burden to plead and prove the following: (1) the insured made a representation, (2) the representation was false, (3) the insurer relied upon the false representation, (4) the insured made the false representation with the intent to deceive the insurer, and (5) the false representation was material. *Mayes v. Mass. Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980); *Texas Farm Bureau Mut. Ins. Co. v. Rogers*, 351 S.W.3d 103, 107 (Tex. App.–San Antonio 2011, pet. denied).  Liberty has plead and proven all

of the requisite elements to show that the Policy is void.  Liberty has presented undisputed evidence showing that Benbow lied in his insurance application by claiming he was the legal owner of the Property and continued to lie after he filed his claims.  See *Mayes*, 608 S.W.2d at 616 ("It is now settled law that if the answers to the questions in the application were untrue at the time they were given, the untrue answers constituted misrepresentations.").  Liberty relied on Benbow's misrepresentations by issuing the Policy to Benbow and paying Benbow nearly $70,000 in benefits on the claims.  See *Darby v. Jefferson Life Ins. Co.*, 998 S.W.2d 622, 628 (Tex. App.-Houston [1st Dist.] 1995, no writ) ("Reliance is established when the insurer does not know the representations are false.").  Liberty avers that if it had known that Benbow was not the legal owner of the Property and that he had acquired the Property through identity theft, it would not have issued the Policy or paid Benbow benefits on the claims. See *Id.* ("The representation is material if it actually induces the insurance company to assume the risk").  Based upon the foregoing, the Court finds that Benbow's misrepresentations void the Policy at issue and preclude any breach of contract claim.  See *Alexander v. State Farm Lloyds*, 2013 WL 49719, at * 4 (S.D. Tex. Jan. 2, 2013) (holding that insurer had the right to void the policy for a violation of the fraud provision).[1]  Accordingly, the Court recommends that the District Court GRANT Liberty's Motion for Summary Judgment.

## IV.  RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant Liberty Mutual Fire Insurance Company's Motion for Summary Judgment (Dkt. # 25) and enter Judgment in favor of the Defendant in this case.

---

[1] Because the Court finds that the Policy is void, the Court need not reach Liberty's alternative argument regarding Benbow's lack of insurable interest in the property.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of February, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE